UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

DIVISION

| | |
|---|---|
| SARAH ROBLEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ROSEBUD SIOUX TRIBE, ADULT CORRECTIONAL FACILITY;<br><br>Defendant. | 3:21-CV-3027<br><br>ORDER DIRECTING FILING AND SCREENING FOR POSSIBLE DISMISSAL OR AMENDMENT |

On December 14, 2021, Sarah Roblez filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. In actuality, Roblez's claim is one under 25 U.S.C. § 1303, the habeas corpus provision of the Indian Civil Rights Act and not § 2241 which pertains to federal custody. See 25 U.S.C. § 1303 ("privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of detention by order of an Indian tribe."). Prior to the filing, this Court received a call from an attorney, advising that Sarah Roblez had an emergency motion, was indigent, was being held in Rosebud Sioux Tribe custody even though she was not a tribal member, and had a mother potentially dying of Covid-19. The attorney upon arrival made clear that she was not representing Roblez, but running the errand of filing the petition.

The petition alleges that Roblez has been in pretrial detention of the Rosebud Sioux Tribe for nearly sixty days though she is not a tribal member. Doc. 1 at 2. Roblez challenges tribal

1

jurisdiction over her. Id. Roblez also challenges the tribal court's alleged denial of speedy trial rights and excessive bail. Doc 1 at 7.

Roblez did not satisfy the requirements of Rule 65(b) to obtain an ex parte temporary restraining order. Her petition is neither a verified complaint, nor accompanied by an affidavit. The habeas petition is devoid of mention of her mother being near death, so—other than perhaps unlawful detention itself—there is an absence of a showing of immediate and irreparable injury, loss or damage to Roblez that will result before the respondent can be heard. See Fed. R. Civ. P. 65(b)(1)(A). Moreover, Roblez made no certification of what effort she made to give notice to the respondent or why notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B).

Roblez did not file the typical form to seek to proceed in forma pauperis. However, Roblez is on supervised release as a consequence of a conspiracy to distribute methamphetamines conviction in this Court. United States v. Roblez, 16-CR-30045-4-RAL. Indeed, if she were not in tribal custody, there is a fair chance that this Court would have issued a warrant on a petition to revoke supervised release in light of her reported involvement in substantial methamphetamine use. This Court knows enough of Roblez to realize that she is indigent and directs the Clerk of Court to file her petition for writ of habeas corpus notwithstanding the lack of payment of the filing fee.

Under 28 U.S.C. § 1915A, this Court must screen pro se inmate lawsuits. Roblez has a cognizable claim under § 1303 that as a non-tribal member, the Rosebud Sioux Tribe lacks jurisdiction over her. This Court knows enough about Roblez—a person whose mother is a tribal member but whose quantum of Indian blood apparently renders her ineligible to be enrolled—from her federal criminal case to realize that this Court would have to apply the factors in United States v. Stymiest, 581 F.3d 759 (8th Cir. 2009) to determine if there is tribal criminal jurisdiction.

Those factors include whether the United States has formally or informally recognized Roblez as an Indian through providing assistance to her reserved to Indians, whether the Tribe has formally or informally recognized her as an Indian by such things as subjecting her to tribal jurisdiction, and whether she has enjoyed the benefits of tribal affiliation or social recognition as an Indian. Id. at 763.

Although Roblez has a cognizable claim, she cannot sue the Tribe or tribal court directly because of tribal sovereign immunity. Rather, she may name the tribal judge or judges exercising jurisdiction over her instead. Nygaard v. Taylor, No. 3:19-CV-03016-RAL, 2021 WL 4772012, at *7 (D.S.D. Sept. 24, 2021); see also Brown on Behalf of Brown v. Rice, 760 F. Supp. 1459, 1464 (D. Kan. 1991). Roblez mentioned a tribal judge in the body of her petition but named as defendants "Rosebud Sioux Tribe, Adult Correctional Facility." The Tribe and its agencies have sovereign immunity. In lieu of dismissing the case on screening, this Court will give Roblez until January 7, 2022, within which to file an amended petition under 28 U.S.C. § 1303 and then will direct its service, if it survives screening. Therefore, it is

ORDERED that the Clerk of Court file the petition and send a copy of this order to Sarah Roblez at the address she lists for herself in the petition. It is further

ORDERED that the Clerk of Court mail a copy of this order to attorney Mary Turgeon Wynne. It is finally

ORDERED that Roblez has until January 22, 2022, within which to file an amended petition under 25 U.S.C. § 1303 naming the tribal judge or judges exercising jurisdiction over her and if she does not do so, her petition will be dismissed without prejudice.

DATED this 15th day of December, 2021.

BY THE COURT:

*[signature]*
Roberto A. Lange
Chief Judge

4