UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

DIVISION

| | |
|---|---|
| SARAH ROBLEZ,<br><br>Plaintiff,<br><br>vs.<br><br>ROSEBUD SIOUX TRIBE, ADULT CORRECTIONAL FACILITY;<br><br>Defendants. | 3:21-CV-03027<br><br>ORDER DISIMISSING PETITION WITHOUT PREJUDICE |

On December 14, 2021, Sarah Roblez filed a pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. This Court screened the Petition, declined to grant immediate release and gave Roblez until January 22, 2022, to file an amended petition naming the tribal judge or judges exercising jurisdiction over her. This Court wrote that it would dismiss the petition without prejudice if Roblez failed to file an amended petition. Roblez has filed nothing since.

Roblez's claim was actually one under 25 U.S.C. § 1303, the habeas corpus provision of the Indian Civil Rights Act, and not § 2241 which pertains to federal custody. See 25 U.S.C. § 1303 ("privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of detention by order of an Indian tribe."). The petition alleged that Roblez has been in pretrial detention of the Rosebud Sioux Tribe for nearly sixty days though she is not a tribal member. Doc. 1 at 2. Roblez challenged tribal jurisdiction over her. Id. Roblez

also challenged the tribal court's alleged denial of speedy trial rights and excessive bail. Doc 1 at 7.

Roblez did not satisfy the requirements of Rule 65(b) to obtain an ex parte temporary restraining order. Her petition was neither a verified complaint, nor accompanied by an affidavit. Roblez's habeas petition was devoid of showing irreparable injury, other than perhaps unlawful detention itself, and there was no assertion of immediate and irreparable damage to Roblez that would result before the respondent can be heard. See Fed. R. Civ. P. 65(b)(1)(A). Moreover, Roblez made no certification of what effort she made to give notice to the respondent or why notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B).

Under 28 U.S.C. § 1915A, this Court screened Roblez's petition and found her to have a cognizable claim under § 1303 that as a non-tribal member, the Rosebud Sioux Tribe lacked jurisdiction over her. This Court knew Roblez through having sentenced her on conspiracy to distribute methamphetamine and having her on supervised release in United States v. Roblez, 16-CR-30045-4-RAL. Roblez—a person whose mother is a tribal member but whose quantum of Indian blood apparently renders her ineligible to be enrolled—had past tribal court convictions and had lived on the Rosebud Indian Reservation. This Court would have to apply the factors in United States v. Stymiest, 581 F.3d 759 (8th Cir. 2009) to determine if there is tribal criminal jurisdiction over her. Those factors include whether the United States has formally or informally recognized Roblez as an Indian through providing assistance to her reserved to Indians, whether the Tribe has formally or informally recognized her as an Indian by such things as subjecting her to tribal jurisdiction, and whether she has enjoyed the benefits of tribal affiliation or social recognition as an Indian. Id. at 763.

Although Roblez had a cognizable claim, she could not sue the Tribe or tribal court directly because of tribal sovereign immunity. Rather, she could have named the tribal judge or judges exercising jurisdiction over her instead. Nygaard v. Taylor, No. 3:19-CV-03016-RAL, 2021 WL 4772012, at *7 (D.S.D. Sept. 24, 2021); see also Brown on Behalf of Brown v. Rice, 760 F. Supp. 1459, 1464 (D. Kan. 1991). Roblez mentioned a tribal judge in the body of her petition but named as defendants "Rosebud Sioux Tribe, Adult Correctional Facility." The Tribe and its agencies have sovereign immunity. In lieu of dismissing the case on screening, this Court gave Roblez a deadline within which to file an amended petition under 28 U.S.C. § 1303. This Court specifically stated: "Roblez has until January 22, 2022, within which to file an amended petition under 25 U.S.C. § 1303 naming the tribal judge or judges exercising jurisdiction over her and if she does not do so, her petition will be dismissed without prejudice." Doc. 3 at 3.

This Court recently checked with Roblez's federal probation officer on whether Roblez remains detained. This Court learned that Roblez was released from tribal custody on January 18, 2022. Thus, her claim about being wrongfully in tribal custody appears to be moot. For good cause, it is

ORDERED that Roblez's petition is dismissed without prejudice due to failure to file an amended petition within the time granted by the Court and because the petition now is moot due to her release from tribal custody.

DATED this 4th day of March, 2022.

BY THE COURT:

_____
Roberto A. Lange
Chief Judge